UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Timothy Cleveland,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Larry Palmer, et al.,<br><br>　　　　　　Defendants | Case No. 2:24-cv-00511-CDS-DJA<br><br>**Order Denying Plaintiff's Appeal from the Magistrate Judge's Order and Denying Motion for a Preliminary Injunction**<br><br>[ECF No. 9] |

　　　　Plaintiff Timothy Cleveland objects[1] to Magistrate Judge Daniel Albregts' May 16, 2024 order denying his application to proceed in forma pauperis. Appeal, ECF No. 9. Cleveland also seeks a preliminary injunction to prohibit defendant Larry Palmer from further collecting debt and from operating "The Tow Truck Company [] on the Association property pending court review." *Id.* at 2. Palmer has not appeared in this case and thus does not respond to or oppose Cleveland's motion.[2] For the reasons set forth herein, I deny Cleveland's appeal and affirm Judge Albregts' order. Further, because Cleveland has not demonstrated that he is entitled to the relief he seeks, I deny his motion for preliminary injunction.

I.　**Background**

　　　　Cleveland commenced this action by filing an application to proceed *in forma pauperis* (IFP) alongside his complaint. ECF Nos. 1; 1-1. In March 2024, Judge Albregts denied Cleveland's IFP application because it contained insufficient information. Order, ECF No. 3. Cleveland was given an opportunity to cure the deficiencies in his application so that Judge Albregts could determine whether Cleveland qualified for IFP status. *Id.* Cleveland was provided with the

---

[1] The magistrate judge's ruling at-issue is an order on a pretrial motion, not a recommendation. *See* ECF Nos. 9. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). I thus refer to it as an appeal throughout and apply the clearly erroneous standard of review.

[2] I find this motion suitable for disposition without a hearing. Fed. R. Civ. P. 78; Local Rule 78-1.

court's long form application and its instructions. *Id.* at 3. In response, Cleveland filed a renewed IFP application that did not contain any of the necessary information, which Judge Albregts denied as incomplete. Order, ECF No. 6. Cleveland was given another opportunity to submit an IFP application and was instructed to fully answer all applicable questions and check all applicable boxes. *Id.* at 2. Cleveland was again provided with the court's long form application and its instructions. *Id.* at 3. On May 15, 2024, Cleveland filed a document lodged as an IFP application, however the attachment was titled "amended complaint and motion for court review." ECF No. 7. The following day, Judge Albregts denied Cleveland's "application" because it did not provide any information about his financial status. Order, ECF No. 8. Cleveland was granted a fourth opportunity to renew his application. *Id.* Cleveland was again provided with a copy of the court's approved form and instructions and was given until June 17, 2024 to file a renewed application on the approved form or pay the filing fee. *Id.* On June 3, 2024, Cleveland filed his objection to Judge Albregts' order issued on May 16, 2024. ECF No. 9.

II.     Discussion

       A.   Appeal of Magistrate Judge Albregts' order.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party objects to the magistrate judge's order, the district court must review or reconsider the order and "set aside any part [...] that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Grimes v. City of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (holding that a magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to law'"). "[A] magistrate [judge]'s **order** is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

Cleveland's objection to Judge Albregts' order argues that the order dated May 16, 2024 is the only document he received from the court. ECF No. 9. However, that argument is belied by the record; Cleveland responded to Judge Albregts' March 28, 2024 order by filing a renewed IFP application and a motion to seal on April 11, 2024. *See* ECF Nos. 4; 5. Regardless, as plaintiff in this action, Cleveland is obligated to monitor the court's docket. Pro se litigants have the same duties and responsibilities to know and understand legal procedures as an attorney and "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). One such responsibility is the duty to diligently prosecute the action. *See Fidelity Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). This duty includes monitoring the docket and staying apprised of the court's orders and deadlines. *See Willis v. JP Morgan Chase Bank, N.A.*, 2017 WL 5665834, at *2 (E.D. Cal. Nov. 27, 2017) ("[I]t is counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines."); *Adonai-Adoni v. King*, 2012 WL 3535962, at *1 (E.D. Penn. Aug. 13, 2012) ("Pro se litigants have an obligation to monitor the docket sheet to inform themselves of the entry of orders and other filings.") (citation omitted). And, with permission, this district's local rules allow for participation in the court's electronic filing system. LR IC 2-1(b).

Cleveland also asserts that he filed an amended complaint which Judge Albregts construed as an IFP application. ECF No. 9. However, the court notes that the amended complaint was docketed as an application for leave to proceed *in forma pauperis*. *See docket* ECF No. 7. And Judge Albregts had ordered Cleveland to file a renewed application or pay the filing fee, so Judge Albregts interpretation of Cleveland's filing is wholly understandable.

Cleveland's objection further contends that the court does not have proper jurisdiction to claim rights to court fees and costs. ECF No. 9. While seemingly moot because Cleveland has now paid the filing fee (ECF No. 10), this objection is without merit. The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions.

3

28 U.S.C. § 1914(a). But "[a]ny person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Local Rule LSR 1-1. If a litigant applies to proceed without paying the filing fee, it is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an in forma pauperis application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

In sum, Judge Albregts' order is sound and without error. Consequently, I find that Cleveland's appeal fails to demonstrate how Judge Albregts' order was clearly erroneous or contrary to the law and must therefore be denied.

**B.  Cleveland has failed to establish that he is entitled to injunctive relief.**

Cleveland's appeal of Judge Albregts' order contains a request for a preliminary injunction. ECF No. 9 at 2. He asks the court to order Palmer, who is seemingly the treasurer of the Homeowners Association, to cease and desist from further debt collection and operating "The Tow Trust Company" on the Association property. *Id.*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation marks and citation omitted). In order to obtain a preliminary injunction, a moving party must prove that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). These are known as the *Winter* factors and to obtain a preliminary injunction, Cleveland is required to demonstrate the factors lean in his factor.

Cleveland's motion for a preliminary injunction is unavailing. For one, he fails to cite any points and authorities in support of the relief he seeks. Local Rule 7-2(d) provides, in relevant part, that "[t]he failure of a moving party to file points and authorities in support of the motion

constitutes a consent to the denial of the motion." LR 7-2(d). Cleveland is advised that his motion should be denied on this basis alone. Points and authorities are critical to the court's resolution of motions for preliminary injunctions because injunctions represent the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus., Inc., v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

More importantly, Cleveland's motion fails because he does not demonstrate that he is entitled to the extraordinary remedy of injunctive relief under the *Winter* factors. He provides no argument or discussion demonstrating how he meets the *Winter* factors, in particular his likelihood of success on the merits. In fact, he does not even cite an underlying claim for which he seeks injunctive relief, let alone explain why he is likely to succeed on the merits of such claim. *See generally* ECF No. 1-1. Because Cleveland's motion fails to address the *Winter* factors or cite any authority in support of the requested relief, his motion for immediate cease and desist is denied without prejudice.

Finally, while unrelated to my decision to deny Cleveland's appeal, I remind him that although he is appearing pro se, he must still follow this district's local rules and the information set forth in the Advisory Letter sent to him on March 15, 2024 (ECF No. 2). *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

III.  Conclusion

It is hereby ordered that Cleveland's appeal and the motion for a preliminary injunction contained within it **[ECF No. 9] is DENIED**. Judge Albregts' May 16, 2024 order [ECF No. 8] is AFFIRMED IN FULL.

Dated: June 20, 2024

_____
Cristina D. Silva
United States District Judge

5