UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Timothy Cleveland,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Andrew Flores, et al.,<br><br>　　　　Defendants | Case No. 2:24-cv-00511-CDS-DJA<br><br>**Order Denying Plaintiff's Motion to Transfer or Change Venue and Ordering Plaintiff to Show Cause Why this Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**<br><br>[ECF No. 25] |

　　　　Pro se plaintiff Timothy Cleveland initiated this action in this court in March 2024 (ECF No. 1), and later filed an amended complaint (ECF No. 13). On November 18, 2024, Cleveland filed a motion to change or transfer venue. Mot., ECF No. 25. For the reasons set forth herein, I deny the motion to change or transfer venue. Further, after reviewing the amended complaint, I order plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

I.　　Discussion

　　　　A.　Cleveland's motion to change or transfer venue.

　　　　A pro se litigant's submissions to the court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). However, pro se litigants are not excused from adhering to the rules of procedure. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by*, *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). To that end, this district's local rules require a motion to be supported by a memorandum of points and authorities. L.R. 7-2(a). And "[t]he

failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

Here, although Cleveland filed a written memorandum that seemingly seeks to change or transfer venue, the memorandum fails to cite applicable points and authorities as required under to Local Rule 7-2(a).[1] *See* LR 7-2(a) (explaining that all motions must be supported by a memorandum of points and authorities[2]). Nonetheless, given Cleveland is pro se, I address his motion to change or transfer venue here.

Under 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." *Jones*

---

[1] Cleveland is advised that pro se litigants must be familiar with and follow the rules of the court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

[2] The court recognizes that Cleveland cited some federal statutes in support of his motion, but those cited are criminal statutes. Indeed, Title 18 of the United States Code is the federal criminal code. *See* 18 U.S.C. § 1 et seq. ("Crimes and Criminal Procedure"). Federal criminal statutes "generally do not give rise to private rights of action." *Robertson v. Cath. Cmty. Servs. of W. Wash.*, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)). This means, as a private citizen, Cleveland cannot rely on these statutes to bring claims for relief or in support of a motion he files.

*v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted); *see also* 28 U.S.C. § 1404(a). In making this evaluation, courts may consider several factors, including:

> "(1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

*Jones*, 211 F.3d at 498–99.

Cleveland has not addressed any of these factors showing why a transfer or change of venue is permitted or a requirement. Even affording Cleveland some liberality in his pleading, I find that he fails to provide a sufficient basic legal argument justifying his request to move or transfer venue. Further, and ultimately fatal to his motion, Cleveland fails to state the court or jurisdiction to which he believes this action should be transferred, so the court is deprived of the ability to evaluate if this action could have been brought in that location as required by 28 U.S.C. § 1404(a). As a result, Cleveland's motion to change or transfer venue is denied.

### B.  Order to show cause why this case should not be dismissed for lack of subject matter jurisdiction

This court is ultimately one of limited jurisdiction. "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). It is unclear from the amended complaint what Cleveland's causes of action are. Under Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 8(d)(1) (each allegation in a complaint "must be simple, concise, and direct"). A district court must construe pro se pleadings liberally and hold such pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, a pro se complaint must still comply with the requirements of Rule 8(a). *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). Even a pro se litigant must comply with Rule 8(a)(2), and noncompliance may be met with sua sponte dismissal. *See Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).

Rule 8(a) can be violated in "multiple ways." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type of violation is when a pleading says too little—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, to meet the baseline threshold for bringing a complaint, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The amended complaint fails to meet this baseline standard, which makes it impossible to determine if this court has subject matter jurisdiction over this action. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met."). If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.* Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. §§ 1331, 1332. Consequently, I order Cleveland to show cause, in writing, why this action should not be dismissed for lack of subject-matter jurisdiction. **Cleveland has until December 27, 2024, to respond to the show cause order.** The written response cannot exceed ten pages in length and must comply with the rules of this court. Failure to do so will result in dismissal of the action without further notice.

II.     Conclusion

IT IS HEREBY ORDERED that Cleveland's motion to change or transfer venue [ECF No. 25] is DENIED.

IT IS FURTHER ORDERED that **Cleveland must show cause, in writing, by December 27, 2024, why this action should not be dismissed for lack of subject matter jurisdiction**. Cleveland's response to the show-cause order must not exceed ten pages. If Cleveland does not timely and fully respond to this order, this action will be dismissed without prejudice and without further notice.

Dated: December 9, 2024

_____
Cristina D. Silva
United States District Judge