UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Timothy Cleveland,<br><br>            Plaintiff<br><br>v.<br><br>Andrew Flores and Larry Palmer,<br><br>           Defendants | Case No. 2:24-cv-00511-CDS-DJA<br><br>Order Discharging Show Cause Order, Dismissing Action for Lack of Subject Matter Jurisdiction, and Denying Plaintiff's Motion for Injunctive Relief as Moot<br><br>[ECF Nos. 13, 26, 27] |

      Pro se plaintiff Timothy Cleveland initiated this action in this court in March 2024 (ECF No. 1), and later filed an amended complaint (ECF No. 13). On November 18, 2024, Cleveland filed a motion to change or transfer venue (ECF No. 25), which I denied. Order, ECF No 26. In that same order, I required Cleveland to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. *Id.* at 3. Cleveland timely responded to the show-cause order. Resp., ECF No. 28. Having reviewed Cleveland's response, I have determined that I lack jurisdiction over this matter. Thus, for the reasons set forth herein, I dismiss it without prejudice.

I.    Discussion

      As the court noted in the order to show cause, this court is ultimately one of limited jurisdiction. "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This court is required to determine if it has jurisdiction over this action. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met.").

Even liberally construing[1] Cleveland's amended complaint and his response to the show-cause order, I cannot determine whether I have jurisdiction, so dismissal is warranted. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level."). It is unclear what causes of action he intends to allege against defendants. Although Cleveland cites to various state and federal statutes, he does not articulate how they give rise to viable claims against the defendants, much less how this court has jurisdiction over any alleged claim under the statutes. Stated otherwise, the amended complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678. Therefore, the amended complaint also violates Rule 8 of the Federal Rule of Civil Procedure, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 8(d)(1) (each allegation in a complaint "must be simple, concise, and direct"). Even though Cleveland is proceeding pro se, he must still comply with the requirements of Rule 8(a). *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). Accordingly, I dismiss this action for lack of subject matter jurisdiction because it is impossible to determine if I have jurisdiction over this action, and further, the amended complaint violates Rule 8. *See Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (noncompliance with Rule 8(a)(2) may be met with sua sponte dismissal.).

II. **Conclusion**

IT IS HEREBY ORDERED that Cleveland's amended complaint [ECF No. 13] is **DISMISSED without prejudice**.

---

[1] A district court must construe pro se pleadings liberally and hold such pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

IT IS FURTHER ORDERED that the December 9, 2024, order to show cause [ECF No. 26] is discharged.

IT IS FURTHER ORDERED that Cleveland's motion for injunctive relief [ECF No. 27] is DENIED as moot.

The Clerk of Court is kindly directed enter judgment accordingly and to close this case.

Dated: January 22, 2025

_____
Cristina D. Silva
United States District Judge